IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VICKY BAKER, et al., on behalf of themselves and all others similarly situated,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) CIVIL NO. 09-885-GPM<br>) |
| **ACER AMERICA CORPORATION, et al.,** | )<br>) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on review of the allegations of the complaint regarding federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). This case is an action brought in original federal jurisdiction in which federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

Under the CAFA federal courts have jurisdiction, with specified exceptions, *see* 28 U.S.C. § 1332(d)(3), (d)(4), (d)(5), (d)(9), as to class actions, including putative class actions, commenced on or after February 18, 2005, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from that of at least one defendant or, alternatively, at least one class member is a foreign state or a citizen or subject of a foreign state and at least one defendant is a citizen of a state (and vice versa), and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1), (c)(1), (d)(1)(B), (d)(1)(D), (d)(2), (d)(5)(B), (d)(6), (d)(7), (d)(8), (d)(10); *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at *2 (S.D. Ill. May 18, 2006) (quoting Pub. L. 109-2, § 9, 119 Stat. 4). It appears from the complaint in this case that this is a putative class action commenced after the effective date of the CAFA. Also, there is minimal diversity of citizenship: Plaintiffs Vicky Baker and Mike's, Inc., are Illinois citizens while Defendant Business Applications Performance Corporation is a California citizen. *See* 28 U.S.C. § 1332(c)(1); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at **6-7 (S.D. Ill. Nov. 22, 2006).[1] Finally, the complaint properly alleges that the claims of the proposed class are

---

1. The Court notes that the citizenship of several parties to this case, specifically, Defendants Acer America Corporation, Acer, Inc., and Gateway, Inc., is alleged in the complaint "[u]pon information and belief." Doc. 2 ¶¶ 11-13. In cases where complete diversity of citizenship is required, the Court cannot allow jurisdictional facts to be alleged on less than personal knowledge. *See B & R Oil Co. v. Imperial Enters. of Ill., LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). However, because the allegations of the complaint in this case are adequate to establish minimal diversity of citizenship, the Court will ignore this small flaw in the jurisdictional allegations of the complaint. *See Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 2009 WL 2244471, at *1 n.1 (S.D. Ill. June 5, 2009) (where the allegations of a complaint are adequate to establish minimal diversity of citizenship under the CAFA, it is not necessary for the citizenship of every party for diversity purposes to be alleged correctly).

worth more than $5 million, exclusive of interest and costs. However, the complaint does not allege that the proposed class contains one hundred or more persons. Accordingly, the Court will order Plaintiffs to file an amended complaint properly alleging that the proposed class contains one hundred or more persons, thus establishing the Court's subject matter jurisdiction under the CAFA. *See* 28 U.S.C. § 1653; *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at **1-2 (S.D. Ill. Aug. 11, 2009).

To conclude, Plaintiffs are hereby **ORDERED** to file an amended complaint in accordance with this Order not later than 12 p.m. on Tuesday, November 10, 2009. Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[2]

**IT IS SO ORDERED.**

DATED: November 3, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. As already has been discussed in this Order, the allegations regarding the number of members of the proposed class in this case contained in Plaintiffs' amended complaint should not be made on information and belief.